HURWITZ, Circuit Judge,
concurring:
Candace Fox committed a gruesome and senseless crime. She was ultimately convicted of first-degree murder, and does not argue in this § 2254 proceeding that she did not receive a fair trial.
Nonetheless, as both Judge Smith and Judge Reinhardt note, this is a troubling case. Fox originally pleaded guilty to second-degree murder in exchange for her testimony against a co-defendant. She held up her end of the bargain, testifying for five hours in a preliminary hearing. Yet both that co-defendant ahd another received lesser sentences than the one Fox is now serving. Moreover, the record of the plea bargaining process is,' to put it charitably, a mess. At one point the record suggests that Fox was promised release from prison after seven and one-half years, and at another reflects that Fox was clearly advised that her sentence was indeterminate, and that the parole board would ultimately decide when she would be released.
But, all this became moot when the superior court granted Fox’s habeas petition, setting aside her guilty plea and conviction. That is the remedy she repeatedly sought. Indeed, her habeas counsel testified that he thought about seeking specific performance of the purported plea agreement, but decided against it. That decision *990 was motivated by the lack of clarity about precisely what the purported deal was; although we have assumed today that the State promised Fox release after seven and one-half years with good behavior, the record does not clearly establish that the agreement entitled Fox to release, rather than only parole consideration.
Fox does not today urge that she received ineffective assistance of counsel in the state habeas proceedings, and the state courts have found that she did not. Indeed, the record suggests that, when she sought habeas relief, Fox was unwilling to accept the original bargain. She claimed that she never would have pleaded guilty had she known of the required term of lifetime parole upon release, and asserted actual innocence. The State might well have chosen in the interests of justice to proceed only with second-degree murder charges against Fox on retrial. But, as Judge Smith explains, its decision not to do so was not unconstitutional. Still, having had a hand in producing an outcome that disfavored the one defendant who cooperated with the prosecution, the State could remedy this situation either through clemency or by once again offering Fox the chance to plead guilty to second-degree murder. But, we cannot order such relief; our role in this matter is constrained.[1] In a § 2254 habeas petition, we are limited to determining whether the Constitution was violated. Judge Smith clearly explains why it was not, and I concur in his opinion in full.

. Judge Reinhardt's dissent is premised on the notion that, although Fox chose to vacate her plea agreement rather than to specifically enforce it, the state court violated the Due Process Clause by giving her exactly what she sought. But neither Cuero v. Cate, 827 F.3d 879, 2016 WL 3563660 (9th Cir. 2016), nor any other case Judge Reinhardt cites so holds. Absent ineffective assistance, a defendant whose plea agreement is breached is not limited to the remedy of specific performance; she may seek to vacate the pleá and go to trial. That is the unfortunate choice Fox made here.